Patricia Jeanne DIMENT, Appellee,

v.

Dean Henry DIMENT, Appellant.

No. 47060.

Court of Appeals of Oklahoma,
Division No. 1.

Oct. 29, 1974.

Rehearing Denied Jan. 14, 1975.

Certiorari Denied Feb. 11, 1975.

. Edward Goldman, Oklahoma City, for appellee.

Howard, Hood, Rapp & Lindsey, Tulsa, for appellant.

ROMANG, Judge:

On February 6, 1970, the plaintiff, Patricia Jeanne Diment, was granted a divorce from the defendant, Dean Henry Diment, on the ground of incompatibility. The Divorce Decree reads in pertinent part as follows:

"That there is no property, real, personal or mixed, to be subject to division between the parties;

\* \* \* \* \* \*

"That defendant should be required to pay plaintiff a sum certain by way of permanent alimony, and, further, that

· · · ·

\* \* \* \* \* \*

"IT IS THE FURTHER ORDER, JUDGMENT AND DECREE of the court that defendant pay to plaintiff in permanent alimony the sum of $39,600.-00, to be paid in 132 installments in the amount of $300.00 each, and to continue until the full amount of $39,600.00 has been paid by defendant to plaintiff, in full."

In July, 1973, defendant filed an "Application to Clarify Divorce Decree and for Order Nunc Pro Tunc," alleging that the plaintiff had remarried in September, 1971; that the decree of record is not in compliance with that issued by the court from the bench, and that it is vague, void, and lacks compliance with the applicable Oklahoma statutes. Defendant prayed that the trial "court enter an Order Nunc Pro Tunc for the purpose of clarifying and specifying the purpose of the alimony granted Plaintiff and to decree that that portion of the alimony granted Plaintiff for support be terminated and the Defendant released and discharged therefrom. · · · ."

The divorce was granted by Judge A. P. Van Meter, who subsequently retired. Defendant's application was heard by Judge Homer Smith, and at the conclusion of the hearing an Order Nunc Pro Tunc was entered which reads in part:

"That upon review of the transcript of hearing had on the 6th day of February, 1970, before the Honorable A. P. Van Meter in the above styled and numbered cause, this Court determines that it was the intent of the Honorable A. P. Van Meter to award to the Plaintiff herein a sum certain in permanent alimony in lieu of property settlement not to terminate on death or remarriage in the sum of Thirty Nine Thousand Six Hundred Dollars ($39,600.00) and this Court further determined that said alimony award was not for support, to which finding the Defendant excepted which was noted by the Court."

Also in said order, Judge Smith awarded plaintiff judgment against the defendant for $1,000.00 as attorney fee.

 Defendant has appealed and presents three propositions. The first is:

"Permanent alimony granted plaintiff by the trial court, in the Divorce Decree of 6 February 1970, was for the support and maintenance of the plaintiff, terminating upon the plaintiff's remarriage and was not a division of property non-extinguishable by the plaintiff's death or remarriage."

Defendant cites and quotes from a number of cases as to the meaning of the words "alimony" and "permanent alimony", and concludes that "alimony" or "permanent alimony" is granted only for the support and maintenance of the wife subsequent to the granting of the divorce.

Defendant states in his brief as follows:

"Defendant readily concedes that the size of the alimony award is to be determined by the husband's 'estate', Moseley v. Moseley, [171 Okl. 150], 42 P.2d 237 (Okla.1935), Mathews v. Mathews, [186 Okl. 245], 96 P.2d 1054 (Okla.1939); and further concedes it is well established that 'estate' in this context is determined by the Court, to be property, both real and personal, of the husband together with the husband's earning capacity, *Mathews*, supra, and cases there-

in cited. This Court in going to the issue of earning capacity in *Mathews,* supra, held that:

" 'The duty of the husband to maintain his wife does not depend alone on his having visable, tangible property.'

"Thus, familiar with this grounding of the law, the Trial Court, the Honorable A. P. Van Meter, recognizing the lack of property of the Defendant, utilized as the basis for the Plaintiff's alimony award the earning capacity of the Defendant."

The evidence adduced at the divorce hearing and the remarks of Judge Van Meter were transcribed and introduced into evidence at the hearing on the application. The evidence shows that when the plaintiff and defendant were married in 1952, the defendant had not finished the 11th grade; that plaintiff worked and practically put the defendant through college and medical school; that defendant became a licensed medical doctor, and during the first nine months of 1967, defendant had an income of $30,000.00; that defendant suffered from some emotional problems, and, in 1969, he took bankruptcy, which explains why there was no tangible property to divide at the time of the divorce.

Defendant also asserts in his brief as follows:

"This Court in a similar situation, Conrad v. Conrad, 471 P.2d 892 (Okla. 1970), involving a doctor, recognized that the alimony award was to be based upon the earning capacity of a doctor and not upon an interest in the doctor's medical practice."

We find no basis for the assertion that the award of money was based "upon an interest in the doctor's medical practice." It appears clear to this court that the award of money was based upon the doctor's increase in earning capacity which he acquired during the marriage. In *Conrad,* supra, the Oklahoma Supreme Court said:

"The earning capacity of the defendant was virtually destroyed by the marriage, while the earning capacity of the plaintiff was enhanced during this period. The plaintiff acquired a new practice, a clinic and a pharmacy in a new town. The defendant was, briefly, helping in the office and then tending to his children by a prior marriage while giving him the stability of a home. Her contribution as a wife to his present favorable situation is apparent. The defendant is entitled to an additional sum by way of alimony."

Defendant quotes from In re Spencer, 83 Cal. 460, 23 P. 395 (1890) as follows:

"The Court will look at the substance of the thing, and not defeat its object merely because somebody has misnamed it."

The award in question states that the monthly payments are "to continue until the full amount of $39,600.00 has been paid by defendant to plaintiff, in full." Nothing is said about termination upon death or remarriage.

Although the award of money is termed "permanent alimony", it is in substance a property award for the contributions which plaintiff made to defendant's increase in earning capacity. Without this award, plaintiff would be left with nothing to show for her contributions, financial and otherwise, to approximately eighteen years of marriage, which enabled the defendant to acquire a valuable college and medical school education that has greatly enhanced his earning capacity.

We have studied the remarks of Judge Van Meter included in the transcript of the divorce hearing, and they do not lead us to any different conclusion than that reached by Judge Smith, who stated from the bench as follows:

"Considering the entire evidence of the proceedings at the divorce trial and considering the fact that the evidence disclosed that the parties had been married in 1952 and that within approximately six months thereafter that the defendant started attending school and did attend school, including medical school,

for approximately eight years during which time the plaintiff was employed, and I would conclude from all of that evidence that she was primarily responsible for the support of the parties and would consider further that Judge Van Meter took into consideration the fact that this plaintiff was partially responsible for the defendant becoming a doctor, thereby increasing his ability to earn money. . . .

\* \* \* \* \* \*

"Basing the judgment primarily on what has heretofore been stated by the Court, it is the Court's findings in construing this decree that it was the intention of the Trial Court to do just what he said and that was to award permanent alimony and that it was in lieu of division of property, that it was not to be terminated on death or remarriage.

"It is, therefore, the construction of the Court and ruling of the Court that this was in fact permanent alimony in lieu of property and was not support alimony. That is the judgment of the Court."

In Hicks v. Hicks, 417 P.2d 830 (Okl. 1966) it is held in the syllabus as follows:

"If the wording of a judgment is not clear, such judgment should be construed so as to carry out the evident purport and intent of the judgment rather than defeat it and a trial court, in construing such judgment, should take into consideration the situation to which it was applied and the purpose sought to be accomplished."

This being an equitable action, we are of the opinion that equity would not prevail for the wife unless the money award is paid in full, and we find that is what the trial court intended.

 Defendant's second proposition reads as follows:

"The defendant's obligation to support plaintiff terminated upon the remarriage of the plaintiff and her failure to seek the continuance of alimony payments in accordance with the provisions of Tit. 12 Okla.Stat. 1289(b) (1968)."

12 O.S.1971, § 1289, last amended in 1968, provides in pertinent part as follows:

"(b) In any divorce decree entered after December 31, 1967, which provides for periodic alimony payments, the Court, at the time of entering the original decree, only, may designate all or a portion of each such payment as support, and all or a portion of such payment as a payment pertaining to a division of property. Upon the death of the recipient, the payments for support, if not already accrued, shall terminate, but the payments pertaining to a division of property shall continue until completed; and the decree shall so specify. The payments pertaining to a division of property shall be irrevocable.

\* \* \* \* \* \*

"The Court shall also provide in the divorce decree that any such support payments shall terminate after remarriage of the recipient, unless the recipient can make a proper showing that said support is still needed and that circumstances have not rendered payment of the same inequitable; provided, however, that unless the recipient shall commence an action for such determination within ninety (90) days of the date of such remarriage, the Court shall, upon proper application, order the support judgment terminated and the lien thereof discharged."

As we interpret the above statute, in any divorce decree "which provides for periodic alimony payments," the court "may designate all or a portion of each such payment as support," but if the trial court does not so designate, then such periodic payments shall continue in full until the entire amount awarded is paid regardless of the death or remarriage of the recipient.

In the instant case neither all nor any part of the periodic alimony payments was designated as support, and since such designation could only be made at the time of entering the original decree, neither the trial court nor this court has the authority

to change the decree in a collateral attack, unless fraud or mistake is proven, but neither has been proven in the instant case.

Defendant's third and final proposition reads as follows:

"The trial court erred in awarding plaintiff attorney fees in the sum of $1,000.00 for defense of defendant's application to clarify divorce decree and terminate alimony."

Defendant acknowledges that the trial court has authority to award attorney fees, but claims that the trial court abused its discretion in allowing as much as $1,000.00 for plaintiff's attorney in the application hearing.

Some of the factors to be taken into consideration are that the balance of the award unpaid at the time was between $32,000.00 and $33,000.00; that the defendant was then receiving a gross salary of $24,000.00 per year: that both sides were afforded an opportunity to put on evidence as to the worth of the services performed by plaintiff's counsel, but neither put on any evidence in that regard; and that the hearing was upon defendant's application.

In Zink v. Zink, 390 P.2d 504 (Okl.1964) the court syllabus states:

"In determining the amount of reasonable attorney's fees that should be allowed a wife in a contested divorce action, the ability of the husband to pay and the means and property of the parties are factors to be considered, and where the allowance made by the trial court is reasonably supported by the evidence, and is reasonable under the circumstances, it will not be disturbed on appeal."

In the instant case the trial judge was in a much better position than this court to know of the amount of work done by plaintiff's attorney and its worth.

In Wilbanks v. Wilbanks, 441 P.2d 967 (Okl.1968), the court said:

"The granting or the allowance of an attorney's fee and the amount thereof is for determination by the trial court in the exercise of its discretion and such fee may be fixed without the aid of expert testimony. Clark v. Clark, 201 Okl. 134, 202 P.2d 990."

Finding no abuse of discretion, the award of an attorney fee of $1,000.00 to plaintiff's attorney is hereby affirmed.

Plaintiff has requested this court to allow her counsel an additional attorney fee for work done in responding to defendant's appeal herein. We find that additional attorney fee should be allowed, and we hereby grant plaintiff judgment against the defendant for $500.00 as attorney fee for the preparation and filing of the answer brief herein.

Affirmed with additional attorney fee allowed.

BOX, P. J., concurs.