William Davis SHEA, Appellant,

v.

Pauline SHEA, Appellee.

No. 47352.

Supreme Court of Oklahoma.

June 17, 1975.

Jon B. Wallis, Tulsa, for appellant.

McElroy, Naylor & Williams by Don E. Williams, Tulsa, for appellee.

BERRY, Justice.

The issue presented herein concerns construction of 12 O.S.1971 § 1289(b).

In 1970 appellee obtained divorce from appellant. The decree provided for disposition of certain property and further provided:

"The Court further finds that Plaintiff [appellee herein] is entitled to permanent alimony in the sum of Twelve

Thousand One Hundred and 00/100 Dollars ($12,100.00), permanent alimony to be paid by the Defendant [appellant herein] in periodic payments of One Hundred and 00/100 Dollars ($100.00) per month, commencing January 1, 1971, and each month thereafter until paid in full; that said Judgment for alimony shall be a lien upon any and all property of the Defendant until paid in full."

In January 1974, appellant filed application requesting trial court terminate appellee's right to alimony on ground appellee had remarried. The trial court denied the application and appellant appeals.

Appellant's only contention on appeal is that trial court erred in denying application to terminate alimony payments.

12 O.S.1971 § 1289(b), provides in part as follows:

"(b) In any divorce decree entered after December 31, 1967, which provides for periodic alimony payments, the Court, at the time of entering the original decree, only, may designate all or a portion of each such payment as support, and all or a portion of such payment as a payment pertaining to a division of property. Upon the death of the recipient, the payments for support, if not already accrued, shall terminate, but the payments pertaining to a division of property shall continue until completed; and the decree shall so specify. The payments pertaining to a division of property shall be irrevocable. * * * The Court shall also provide in the divorce decree that any such support payments shall terminate after remarriage of the recipient, unless the recipient can make a proper showing that said support is still needed and that circumstances have not rendered payment of the same inequitable; provided, however, that unless the recipient shall commence an action for such determination within ninety (90) days of the date of such remarriage, the Court shall, upon proper appli-

cation, order the support judgment terminated and the lien thereof discharged. * * *"

The decree in the present case was entered after December 31, 1967. It does not designate any portion of the periodic payments as being for support.

Appellant contends alimony is an allowance for support of the wife. Johnson v. Johnson, Okl., 460 P.2d 954, and that prior to adoption of this statute alimony did not terminate upon death or remarriage of recipient. Bishop v. Bishop, 194 Okl. 209, 148 P.2d 472. He contends the purpose of § 1289(b) is to avoid the inequitable and unjust requirement of the past which required a divorced man to continue to support a former wife who had remarried. He argues that when the court which enters the alimony decree does not designate periodic alimony payments as pertaining to division of property, the payments should be deemed to be for support and maintenance, and should terminate upon death or remarriage.

We do not agree.

Section 1289(b) provides that in decrees entered after December 31, 1967, the court, "at the time of entering the original decree, *only, may* designate all or a portion of each such payment as support * * *" [emphasis added]. It then provides the decree shall provide that such support payments terminate after remarriage unless recipient shows such support is still needed.

The word *may* usually is employed to imply permissive or discretional, and not mandatory, action or conduct. 57 C.J.S., May p. 456.

We conclude intent of § 1289(b) is that at time original decree is entered trial court has discretion to designate all or a part, of any periodic payments as being for support.

There is nothing in the statute which indicates that periodic payments which are not designated as being for support shall

terminate upon death or remarriage of the recipient.

Furthermore, the statute provides the trial court may designate such payments as being for support only at the time the original decree is entered.

We are persuaded by the language in Diment v. Diment, Okla.Ct.App., 531 P.2d 1071, wherein the Court of Appeals, Div. 1, considered a similar contention. There that court stated:

"As we interpret the above statute, in any divorce decree 'which provides for periodic alimony payments,' the court 'may designate all or a portion of each such payment as support,' but if the trial court does not so designate, then such periodic payments shall continue in full until the entire amount awarded is paid regardless of the death or remarriage of the recipient.

"In the instant case neither all nor any part of the periodic alimony payments was designated as support, and since such designation could only be made at the time of entering the original decree, neither the trial court nor this court has the authority to change the decree in a collateral attack, unless fraud or mistake is proven, but neither has been proven in the instant case."

We approve the quoted language and hereby accord it precedential value [New Policy on Publication of Appellate Opinions, 12 O.S.Supp. 1974, Ch. 15, App. 2].

We conclude that under § 1289(b) periodic alimony payments will not terminate upon remarriage of the recipient unless the original decree designates such payments as being for support, or expressly provides such payments are to terminate upon remarriage of recipient.

In the present case the original decree did not designate the periodic alimony payments as being for support, or provide that they terminate upon remarriage of recipient. We hold that the trial court did not err in denying appellant's application.

Appellee is granted an additional $500.00 for attorney fees. 12 O.S.1971 § 1276; Smith v. Smith, Okl., 396 P.2d 1016.

The judgment of the trial court is affirmed.

WILLIAMS, C. J., and DAVISON, IRWIN, LAVENDER, BARNES and DOOLIN, JJ., concur.

SIMMS, J., not participating.