In re James Wilbur COX, Sr., Bankrupt.

**Rhea Nita COX, now York, Appellant,**

v.

**James Wilbur COX, Sr., Appellee.**

**No. 76–1336.**

United States Court of Appeals, Tenth Circuit.

Submitted July 28, 1976.
Decided Oct. 28, 1976.

**1278**

Bob R. Schick and Cecil W. Rote, Oklahoma City, Okl., for appellant.

James A. Kirk and Charles Bennett Lord, Linn, Helms, Kirk & Burkett, Oklahoma City, Okl., for appellee.

Before PICKETT, McWILLIAMS and DOYLE, Circuit Judges.

PICKETT, Circuit Judge.

This is an appeal from an order of the United States District Court for the Western District of Oklahoma affirming a judgment of the bankruptcy court which held that under Oklahoma law an award in a divorce action was a property settlement and dischargeable in bankruptcy.

On January 4, 1973, the Oklahoma County, Oklahoma, state district court granted a divorce to James Wilbur Cox, Sr. and Rhea Nita Cox. The divorce decree made provision for the division of specified real and personal property, and also contained the following provision:

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED by the Court that plaintiff pay alimony to the defendant in the total sum of $16,800.00, payable in installments of $100.00 each on the 1st and 15th days of each and every month for a total sum of $200.00 per month, payable for eighty-four months beginning on the 15th day of January, 1973.

Cox made the alimony payments through May 1, 1974, when he discovered that his former wife had remarried, whereupon he made application for a termination of the alimony payments and for recovery of the payments made subsequent to the remarriage. The divorce court concluded that the alimony payments should be treated as a division of property and not for support and maintenance, and that consequently, under Oklahoma statutes, the payments did not terminate upon remarriage of the wife.[1] No appeal was taken from that decision.

On February 7, 1975, Cox filed his Voluntary Petition in Bankruptcy, listing his former wife as one of his creditors. On March 20, 1975, Mrs. Cox, now Mrs. York, instituted proceedings in the bankruptcy court for a determination that the alimony judgment be excepted from discharge as provided for in 11 U.S.C. § 35(a)(7). In response, the bankrupt alleged that the lump sum alimony, although payable in monthly installments, was part of a property settlement and dischargeable in bankruptcy. After a hearing the bankruptcy court construed the divorce decree the same as did the state district court, holding that the alimony provision should be treated as a division of property and dischargeable in bankruptcy. On appeal the United States district court affirmed the judgment of the bankruptcy judge. The basic question is whether, under Oklahoma law, the obligation of a lump

---

1. In a letter from the court to counsel for the parties giving reasons for its decision, it was stated:

   12 O.S. 1289 could be much clearer but I believe alimony payments which do not terminate on death or remarriage are treated as division of property. In the matter of *Gird v.*

*Gird*, decided by the Court of Appeals on September 10, 1974 concludes that where there is no reference to termination the statute requires that the alimony be treated as a division of property. I realize that this is not authority but only consider it for its reasoning.

sum alimony judgment payable in monthly installments pertains to a division of property and is dischargeable in bankruptcy.

■ 11 U.S.C. § 35(a) provides that a discharge in bankruptcy shall release a bankrupt from all provable debts, except such as "(7) are for alimony due or to become due, or for maintenance or support of a wife or child . . . ." It is general law that obligations created by property settlements or division of property of the parties to a divorce action are not within the exceptions of Section 35(a)(7) and are dischargeable in bankruptcy. *Caldwell v. Armstrong*, 342 F.2d 485 (10th Cir. 1965); *Goggans v. Osborn*, 237 F.2d 186, 16 Alaska 451 (9th Cir. 1956); 9 Am.Jur.2d *Bankruptcy* § 793; cases collected in Anno. 74 A.L. R.2d 758.

12 O.S. § 1289(b) provides, in part:

In any divorce decree entered after December 31, 1967, which provides for periodic alimony payments, the Court, at the time of entering the original decree, only, may designate all or a portion of each such payment as support, and all or a portion of such payment as a payment pertaining to a division of property. Upon the death of the recipient, the payments for support, if not already accrued, shall terminate, but the payments pertaining to a division of property shall continue until completed; and the decree shall so specify. The payments pertaining to a division of property shall be irrevocable. . . . The Court shall also provide in the divorce decree that any such support payments shall terminate after remarriage of the recipient, unless the recipient can make a proper showing that said support is still needed and that circumstances have not rendered payment of the same inequitable . . . .

The divorce decree in the instant case did not designate that any portion of the periodic alimony payments should be for support or that any portion thereof was a payment pertaining to the division of property, nor did it provide that the payments should discontinue upon the remarriage or the death of the recipient.

■ Although alimony is usually defined as an allowance of money required to be paid by a former husband to a divorced wife for support and maintenance, Webster's Unabridged Dictionary; 3 Words and Phrases, Alimony; a different connotation appears to have been given by the Oklahoma courts in construing Section 1289 of the Oklahoma Statutes. In *Shea v. Shea*, 537 P.2d 417 (Okl.1975), the Oklahoma Supreme Court rejected an argument to the effect that when a divorce decree provides for designated periodic alimony payments without providing that they are for a division of property or for support and maintenance, they should be deemed to be for support and maintenance terminating on remarriage of the recipient. To the contrary, the Court accepted the views of the Oklahoma Court of Appeals in *Diment v. Diment*, 531 P.2d 1071 (1974), holding that such alimony provisions survive remarriage or death.[2]

In *Gird v. Gird*, 45 O.B.A.J. 2088 (1974), the Oklahoma Court of Appeals, in considering a divorce decree with alimony provisions similar to those in the case at bar, stated that "[a]llimony payments which do not terminate on remarriage or death are statutorily treated as division of property." The *Gird* case is not a binding precedent in Oklahoma, but it may be considered as authority on the subjects therein considered. It is not unlike the hundreds of decisions written by able district judges in the federal court system which are reported in the Federal Supplement. While these cases are not precedents, they are often cited as authority by all courts in appropriate cases.

---

**2.** The language in *Diment v. Diment, supra,* adopted by the Oklahoma Supreme Court in the *Shea* case is as follows:

As we interpret the above statute, in any divorce decree "which provides for periodic alimony payments," the court "may desig-

nate all or a portion of each such payment as support," but if the trial court does not so designate, then such periodic payments shall continue in full until the entire amount awarded is paid regardless of the death or remarriage of the recipient.

Although the question is not free from doubt, we are constrained to accept the judgment of the district court in the construction and application of local law. We recently said, in *Land v. Roper Corp.*, 531 F.2d 445, 448 (10th Cir. 1976), that "[t]he established approach to this quest is that the district judge's view of the law within his district is given great weight particularly where, as here, the law of the state is not entirely settled." See also *Wells v. Colorado College*, 478 F.2d 158 (10th Cir. 1973), and cases cited in *Land, supra.*

An examination of the record discloses that only a question of law is presented, and no further hearing is necessary for the determination of the issues presented.

AFFIRMED.

WILLIAM E. DOYLE, Circuit Judge (specially concurring).

I specially concur.

The reason for my hesitating to concur fully was the apparent failure of the bankruptcy court and the district court as well to hold a hearing in order to determine the central issue as to what constitutes alimony or support under the law of Oklahoma. There was also a question in my mind as to whether the holding of the Oklahoma divorce court in the same case is binding. After extensive research, I am of the opinion that even if the federal court executing a federal question has the power to hold that the Oklahoma court was clearly wrong in holding that the arrangement in this case was a division of property, it would be poor policy to so hold for the obvious reason that we are in a poor position to second guess the court which tried the divorce and was aware of all of the facts.

Moreover, if we were to hold that for the purpose of the bankruptcy that it was alimony or support under Oklahoma law the result would be anomalous. Two court systems would have reached different results on the same set of facts. As a consequence the defendant could rightfully conclude that he could not win for losing. The wife could have the opposite reaction. The practical result would be to say the least unseemly.