The Attorney General is in receipt of your request for an opinion wherein you ask, in effect, the following question: Is it mandatory that counties pay the optional $250 travel pay to the County Assessor rather than mileage if the Assessor elects that option? Your question refers to House Bill 1472, Laws 1979, c. 221, 161-167, eff. May 30, 1979, which provides in pertinent part as follows: Section 3. "Each county officer or his deputy shall be entitled to reimbursement for all traveling expenses incurred in the performance of official duties . . ." (Emphasis added) Section 5. "In lieu of reimbursement for traveling expenses within this state each county commissioner, sheriff and assessor may receive a monthly travel allowance of Two Hundred Fifty Dollars ($250.00). Title 25 O.S. 1 [25-1] (1971), provides that the words of a statute are to be understood in their ordinary meaning unless a contrary intention clearly appears. In Section 5 of the Bill, the words "in lieu of" mean "instead of; in place of; in substitution of." (Blacks Law Dictionary, Revised 4th Edition, page 896). In Shea v. Shea, Okl., 537 P.2d 417 (1975), the Court held that the word "may" usually is employed to imply permissive or discretional, and not mandatory action or conduct. Clearly, the words "in lieu of" and "may" as used in Section 5 of House Bill 1472 indicate that there is an optional or discretionary choice as to whether to receive the $250 per month travel allowance or reimbursement for travel expenses incurred. It appears that the crucial issue to your question is who may exercise the option or discretion, the county itself or the county assessor ? In Melton v. Quality Homes, Okl., 312 P.2d 476 (1957), the Court held: "We may not ascertain the construction of a single provision of a statute nor the legislative intent by its words alone. We must take all of its provisions and read them as a whole so that each provision will be in harmony with every other . . . ." In viewing the Act as a whole, it is apparent that the option is to be exercised by the county officer, not the county itself. Section 6 of the Act provides in pertinent part: "Failure of a county officer to attend any school, conference or meeting unless excused prior thereto shall cause the county officer to forfeit his right to the monthly travel allowance provided by Section 5 of this act for the month in which such school, conference or meeting is held." (Emphasis added) This section indicates that each of the three named officers in Section 5 has a right to elect the travel allowance and that such officer may lose that right by a negative act on his part alone. Moreover, Section 8(b) of the Act provides in pertinent part as follows: "In lieu of the travel reimbursement or monthly travel allowance as provided by law, the board of county commissioners, with concurrence of the county sheriff, may purchase and provide for the operation, maintenance, insurance, equipping and repair of automobiles for the use of the sheriff in carrying out the duties of his office." (Emphasis added) Clearly, if the County was the sole authority to elect the travel allowance for the named officers in Section 5, the Legislature would not have required the concurrence of the sheriff in order to substitute the travel allowance for the purchase of an automobile for the sheriff's use in Section 8(b). It is, therefore, the official opinion of the Attorney General that the county assessor may elect the optional $250 travel allowance in lieu of reimbursement for actual mileage; where the travel allowance option has been elected by the assessor, the County must pay that option. (PATRICIA R. DEMPS) (ksg) ** SEE: OPINION NO. 83-229 (1983) **