Dear Administrator Jackson,
¶ 0 This office has received your letter requesting an official Opinion addressing, in effect, the following questions:
1. Are individual State agencies employers for the purposes of40 O.S. Supp. 1997, § 61[40-61] which, under some circumstances,permits employers to release information about an employee's jobperformance to prospective employers?
2. If State agencies do enjoy the protections of 40 O.S. Supp.1997, § 61[40-61], what employee job performance information may anagency disclose to a prospective employer pursuant to thisstatute? May a State agency disclose an employee's serviceevaluations to a prospective employer under 40 O.S. Supp. 1997,§ 61[40-61]?
3. If an employee's service evaluations, done under 74 O.S.Supp. 1997, § 840-4.17[74-840-4.17], have been made confidential by theemploying agency pursuant to 51 O.S. Supp. 1997, § 24A.7(A)of the Open Records Act, what information may the employingagency disclose under 40 O.S. Supp. 1997, § 61[40-61]?
 I.
¶ 1 Your first question asks, in effect, whether individual State agencies are employers for the purposes of 40 O.S. Supp. 1997, § 61[40-61]. This statute addresses the issue of disclosure of information by an employer as well as a presumption of good faith by the employer in releasing information regarding a current or former employee's job performance. The statute also provides for certain immunities from liability in releasing said information, in part:
 An employer may disclose information about a current or former employee's job performance to a prospective employer of the current or former employee upon request of the prospective employer and with consent of the current or former employee, or upon request of the current or former employee. The employer is presumed to be acting in good faith, unless lack of good faith is shown by a preponderance of the evidence. The current or former employer shall be immune from civil liability for the disclosure or any consequences of such disclosure unless the presumption of good faith is rebutted upon a showing that the information disclosed by the current or former employer was false and the employer providing the information had knowledge of its falsity or acted with malice or reckless disregard for the truth.
40 O.S. Supp. 1997, § 61[40-61](A) (emphasis added).
¶ 2 A State employee is the employee of the individual State agency. The Oklahoma Personnel Act, 74 O.S. Supp. 1997, §§840-1.1-840-6.9 ("the Act"), defines "employee" or "state employee" at 74 O.S. Supp. 1997, § 840-1.3[74-840-1.3](2), in such a manner that said employee is an "employee of an agency." A.G. Opin. 95-68, p. 174. Therefore, individual State agencies are the employers of their respective employees for the purposes of 40O.S. Supp. 1997, § 61[40-61].
 II.
¶ 3 In your second question you ask what employee job performance information an agency may disclose under 40 O.S.Supp. 1997, § 61[40-61](A), and whether an agency may disclose the employee's service evaluations. The statute in question provides that "[a]n employer may disclose information about a current or former employee's job performance . . . upon request of the prospective employer and with consent of the current or former employee, or upon request of the current or former employee." (Emphasis added.)
¶ 4 In interpreting a statute, the cardinal rule of statutory construction is to determine legislative intent by consideration of the statutory language. Grand River Dam Authority v. State,645 P.2d 1011, 1018 (Okla. 1982). Where the intent is clearly stated in the statute, no further statutory construction is necessary. Hughes Drilling Company v. Morgan, 648 P.2d 32, 35
(Okla. 1982). In 40 O.S. Supp. 1997, § 61[40-61](A), it is clear that an employer may disclose information relating to an employee's job performance but may do so only with the consent or at therequest of the current or former employee. Although there is no limitation or restriction as to what information or documents an employer may release, there is the restriction that any information or documentation can be released only with the consent or at the request of a current or former employee.
¶ 5 Since the statute does not define the word "information," it should be "interpreted in accordance with [its] plain ordinary meaning according to the import of the language used." In reCertification of Question of State Law, 560 P.2d 195, 197 (Okla. 1977). Webster's Third New International Dictionary 1160 (1993) defines the word "information" as "knowledge of a particular event or situation . . . data" Therefore, an employer may disclose "knowledge of a particular event or situation" including but not limited to an employee's service evaluations, so long as it is done so with the consent of the former or current employee or at the request of that employee. Further, an employer may disclose information to a prospective employer but is not required to do so as the statute uses the word "may" and not "shall," therefore, any disclosure by an employer is "permissive and not mandatory." State v. Oklahoma Natural Gas Company,640 P.2d 1341, 1345 (Okla. 1982); see also Shea v. Shea,537 P.2d 417, 418 (Okla. 1975).
¶ 6 A State agency, therefore, may disclose information regarding an employee's job performance including but not limited to the employee's service evaluation so long as it has done so with the consent or at the request of the current or former employee.
 III.
¶ 7 In your third question you ask what information an agency may disclose when an employee's service evaluations have been made confidential pursuant to the Open Records Act, 51 O.S. 1991and Supp. 1997, §§ 24A.1-24A.24 at 51 O.S. Supp. 1997, §24A.7[51-24A.7](A).
¶ 8 The Open Records Act does have a confidentiality provision which provides in part:
 A public body may keep personnel records confidential:
. . . .
 2. Where disclosure would constitute a clearly unwarranted invasion of personal privacy such as employee evaluations. . . .
51 O.S. Supp. 1997, § 24A.7[51-24A.7](A) (emphasis added).
¶ 9 This provision of the Open Records Act also applies to employee service evaluations furnished to the Office of Personnel Management pursuant to 74 O.S. Supp. 1997, § 840-4.17[74-840-4.17].[1]
If the employing agency's personnel records "have been designated by the agency as confidential, they do not lose that status upon a copy being furnished to the Office of Personnel Management." A.G. Opin. 95-68, p. 176. The Open Records Act further provides that an employee "shall have a right of access to his own personnel file." 51 O.S. Supp. 1997, § 24A.7[51-24A.7](C).
¶ 10 Therefore, the Open Records Act permits an employer, at the employer's discretion, to make employee service evaluations confidential. Nothing would prevent an employer, however, pursuant to a request from a former or current employee or with the consent of said employee, from disclosing an employee's service evaluations or job performance information pursuant to40 O.S. Supp. 1997, § 61[40-61].
 ¶ 11 It is, therefore, the official Opinion of the AttorneyGeneral that:
1. Individual State agencies are employers for the purposes of40 O.S. Supp. 1997, § 61[40-61].
2. Individual State agencies, as employers, may disclose acurrent or former employee's job performance information and/oremployee's service evaluation to prospective employers pursuantto 40 O.S. Supp. 1997, § 61[40-61], only if such disclosure is donewith the consent or at the request of the current or formeremployee.
3. Pursuant to 40 O.S. Supp. 1997, § 61[40-61], an agency employer,in its discretion, may disclose employee service evaluations donein compliance with 74 O.S. Supp. 1997, § 840-4.17[74-840-4.17] of theOklahoma Personnel Act, and/or job performance information offormer or current employees pursuant to 40 O.S. Supp. 1997, §61[40-61], if such disclosure is done at the request of or with theconsent of the current or former employee, even though saidevaluations and/or information may be kept confidential under theOpen Records Act at 51 O.S. Supp. 1997, § 24A.7(A).
W.A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA
STEVEN K. SNYDER ASSISTANT ATTORNEY GENERAL
[1] This statute which establishes an employee service rating system for classified State employees, provides that a copy of the employee's service rating "shall be furnished to the Administrator of the Office of Personnel Management for review to determine compliance with the provisions of this section and shall be retained in the file on the employee." 74 O.S. Supp.1997, § 840-4.17[74-840-4.17](F).