James **TRENTON**, Appellant,

v.

**STATE of Oklahoma, ex rel. DEPARTMENT OF PUBLIC SAFETY, Appellee.**

**No. 73582.**

Court of Appeals of Oklahoma, Division No. 3.

Nov. 28, 1989.

Rehearing Denied Dec. 18, 1989.

Certiorari Denied April 24, 1990.

Jon R. Ford and Ronald G. Franklin, Enid, for appellant.

Robert T. Goolsby, Department of Public Safety, Oklahoma City, for appellee.

## MEMORANDUM OPINION

BAILEY, Chief Judge:

Appellant seeks review of the Trial Court's order sustaining the revocation of Appellant's driver's license by Appellee. Appellant was arrested February 19, 1989 for operation of a motor vehicle under the influence of alcohol and submitted to breath testing, revealing a blood alcohol concentration of 0.18. Due to a prior alcohol-related suspension in 1987, Appellee ordered revocation of Appellant's driver's license for one year. 47 O.S. Supp.1988 § 6–205.1(a)(3).

Appellant sought administrative review, and the Hearing Officer affirmed the order of revocation. Appellant then brought an action in District Court. At hearing before the Court, Appellant testified that he belched during the deprivation period immediately before administration of the blood test, thus casting the breathalyzer test results into doubt. Appellant also presented testimony of an electrical engineer, who opined that radio frequency interference from police radios and computers located in the proximity of the breathalyzer affected the breathalyzer test results.

The Trial Court specifically held Appellant's evidence insufficient to warrant judicial interference, and sustained the one-year revocation of of Appellant's driver's license. In this appeal from the Trial Court's order, Appellant asserts (1) invalidity of the breathalyzer test results (a) because he belched during the 15 minute deprivation period contrary to the rules of the Board of Tests for Alcohol and Drug Influence, and (b) because of radio frequency interference, and (2) insufficiency of the other evidence of intoxication to sustain the revocation. Appellee responds, arguing (1) Appellant failed to preserve the alleged error by specific allegations in his Petition in error and (2) validity of the the breathalyzer tests and sufficiency of the evidence warranting affirmance.

As an initial matter, we find Appellant's Petition in Error alleges purported error below with sufficient specificity to as to preserve the issues tendered for review. Rule 1.16, Rules of Appellate Procedure, 12 O.S. Supp.1984, Ch. 15, App. 2. See also, e.g., *Barber v. Flynn*, 628 P.2d 1151, 1153 (Okl.1980). We therefore address the merits of this appeal.

 "Appeals from implied consent revocation orders are heard de novo in the district court, with the 'trial de novo' being a trial of the entire case anew, both on the law and on the facts." *Appeal of Dungan*, 681 P.2d 750, 752 (Okl.1984); *Matter of Braddy*, 611 P.2d 235, 237–238 (Okl.1980). In district court review, the Department of Public Safety carries the burden of proof to show that the licensee had been driving under the influence of alcohol. *Appeal of Tucker*, 538 P.2d 626 (Okl.App.1975). On appeal from orders of the District Court in review of implied consent revocations, the appellate courts will not reverse or disturb the findings below "if there is any evidence, or any reasonable inference to be drawn therefrom, which tends to support [the lower court's] findings." *Smith v. State, ex rel. Dept. of Public Safety*, 680 P.2d 365, 367 (Okl.1984); see also, *State ex rel. Dept. of Highways v. Sharpensteen*, 538 P.2d 1044, 1046 (Okl.1975).

■ Under this standard of review, we find no error by the Trial Court in sustaining the one-year revocation of Appellant's driver's license. The Trial Court found Appellant's evidence of radio frequency interference insufficient to warrant vacation of the suspension, a conclusion with which we tend to agree. The arresting officer testified to Appellant's erratic and unsafe operation of his vehicle and Appellant's physical condition at the time, including unsteadiness and having an odor of alcohol about him. The arresting officer also testified to administration of the breathalyzer test to Appellant in accord with the rules therefore. Although Appellant testified that he violated the deprivation period by belching, the arresting officer testified that he observed Appellant throughout the period and saw no violation of testing procedures. We therefore find some evidence in the record to support a finding that the breathalyzer test was administered in accord with the rules therefor and that Appellant was operating a motor vehicle while under the influence of alcohol, thus supporting the Trial Court's ruling sustaining the revocation of Appellant's driver's license for one-year.

No reversible error of law appears and the findings of fact by the Trial Court are supported by sufficient evidence. The order of the Trial Court is therefore AFFIRMED. Rule 1.202(b), Rules of Appellate Procedure, 12 O.S.1983 Supp., Ch. 15, App. 2.

HANSEN, P.J., and REYNOLDS, J., concur.