**Charles MORGAN, Appellee,**

v.

**STATE of Oklahoma ex rel., DEPARTMENT OF PUBLIC SAFETY, Appellant.**

**No. 80442.**

Court of Appeals of Oklahoma, Division No. 1.

Jan. 12, 1993.

Rehearing Denied March 2, 1993.

Certiorari Denied Sept. 27, 1994.

Thomas R. Zynda, Anadarko, for appellee.

Blair Easley, Jr., Oklahoma City, for appellant.

## MEMORANDUM OPINION

JONES, Judge:

The Department of Public Safety (DPS) appeals the District Court's order sustaining the administrative appeal of Appellee, Charles Morgan, and reinstating his driver's license. The issue is whether a District Court in a trial *de novo* must take judicial notice of an uncontested rule of an administrative agency which it deems valid, and which has been admitted into evidence. We hold in the affirmative.

On May 23, 1992, Appellee was arrested for driving while under the influence of alcohol. Appellee agreed to the chemical testing of his breath to determine its alcohol content. The result was .10%. As a part of the test, a breath specimen was obtained for independent testing by Appellee. His own test resulted in an alcohol content of .09%. Appellee's driver's license was revoked, and he filed a request for an administrative hearing. On July 30, 1992, the Hearing Officer for the Commissioner of the Department of Public Safety sustained the revocation and suspended Plaintiff's privilege to drive in the State of Oklahoma for a period of ninety days. This suspension was effective, August 21, 1992. Appellee then filed a Petition with the District Court on August 20, 1992. A *de novo* hearing was held on September 17, 1992.

The only facts before the Court at trial were the two reports and a copy of OAC Rule 40:35–1–4.[1] The parties stipulated to

---

1. **Analysis of retained breath-alcohol specimens**

(a) **Approved methods.** Analysis of retained breath-alcohol specimens for alcohol may be carried out by any method or procedure approved by the Board of Tests for Alcohol and Drug

the validity of the tests. Appellee agreed the Board of Chemical Test Rules established a certain scientific tolerance for two different breath tests, but argued that the Rule was not binding on the Court. Appellee denied that a test result of .09% would subject him to a driver's license revocation. He stated that DPS must show by a preponderance of the evidence that its test was more probably correct or more persuasive than his test. In opposition, DPS argued the Court should take judicial notice of OAC Rule 40:35–1–4 which states that any variation less than .03% in the independent test results is deemed confirmatory of the results of DPS testing. The District Court did not deny the validity of the rule, but nevertheless sustained Appellee's appeal based on the stipulations of the parties.[2] The Court found DPS failed to sustain its burden of proof, and issued an order setting aside the revocation and reinstating Appellee's driving privileges.

DPS appeals from the District Court's decision, alleging the Court erred in its failure to "judicially notice" Rule 40:30–1–4 of the Oklahoma Administrative Code.

■ A Court must take judicial notice of rules of administrative agencies which are matters of public record even when they are not incorporated into the record for review. *Lone Star Helicopters, Inc. v. State,* 800 P.2d 235 (Okl.1990).[3] In the instant case, the rule is a part of the record and was in evidence at trial.[4]

The rule has the force and effect of law.[5] *Texas Oklahoma Express v. Sorenson,* 652 P.2d 285 (Okl.1982). Courts shall take judicial or official notice of any rule promulgated, pursuant to the provisions of the Administrative Procedures Act, unless a Court of competent jurisdiction finds otherwise. 75 O.S. 1991 § 252. In this case, there was no such finding. The Court committed error by failing to apply the Rule.

■ Appellee observes that the District Court did not hear evidence and testimony relative to his employment, lack of previous driving record, hardship, and other facts rel-

Influence to determine the alcohol concentration of specimens of blood, modified as necessary for applicability to retained breath-alcohol specimens. Such analysis may also be carried out by any other appropriate gas chromatographic method of analysis for alcohol which employs flame ionization detector(s), direct injection of a liquid sample or injection of an equilibrated headspace sample, electronic integration of the chromatogram peaks, a suitable internal standard, and simultaneous calibrators or reference standards.

(b) **Reporting results.** The results of analyses of retained breath-alcohol specimens shall be reported in terms of the concentration of alcohol in the subject's breath, in grams of alcohol per two hundred ten (210) liters of breath (g/210 L), truncated to two (2) decimal places. Results of analyses of retained breath alcohol specimens which are within three-hundredths (0.03) g/210 L of the results of the corresponding direct breath-alcohol analysis performed on the same subject shall be deemed to be in acceptable agreement with and confirmatory and substantiative of such direct breath-alcohol analysis results, as a scientifically acceptable tolerance.

(c) **Other requirements.** Analysis of a retained breath-alcohol specimen shall be carried out only and in its entirety in the Forensic Alcohol Laboratory, approved by the Board of Tests for Alcohol and Drug Influence, to which such retained breath-alcohol specimen was originally sent or delivered by the law enforcement agency responsible for its collection and storage. Such analysis shall be performed by a person holding a currently valid Forensic Alcohol Analysis Permit issued by authority of the Board of Tests for Alcohol and Drug Influence. *Board of Tests for Alcohol and Drug Influence, OAC 40:30–1–4.*

2. DPS urged the District Court to apply the Rule to the facts presented in the case. The Court stated, "I don't see that I need to look to the regulation. He stipulated to your .10 ... And you've stipulated to his .09 ... And I see it clearly as a burden of proof question ..." TR. pp. 10, 11.

3. 75 O.S.1991 § 252(A) states in part: All courts, boards, commissions, agencies, authorities, instrumentalities, and officers of the State of Oklahoma shall take judicial of official notice of any rule, amendment, revision, or revocation of an existing rule promulgated pursuant to the provisions of the Administrative Procedures Act.

4. Where the existence of the rule is questioned, the trial court is not required to take judicial of the rule. In *Browning v. State ex rel. DPS,* 812 P.2d 1372 (Okl.App.1991), the relevant rules and regulations were not produced at trial.

5. Rules shall be valid and binding on persons they affect, and shall have the force of law unless amended or revised or unless a court of competent jurisdiction determines otherwise. Except as otherwise provided by law, rules shall be prima facie evidence of the proper interpretation of the matter to which they refer. 75 O.S.1991 § 308.2(C).

ative to his need to drive. Appellee requests this Court to remand for proceedings consistent with 47 O.S. § 6–211(I), and/or 47 O.S. § 755, which provides for modification of revocation cases of extreme or unusual hardship. On remand, Appellee will have opportunity to present his evidence.

REVERSED AND REMANDED.

ADAMS, P.J., concurs.

GARRETT, J., dissents.

GARRETT, Judge, dissenting:

When a petitioner seeks a reversal of an order of the DPS revoking his driver's license, as in this case, the proceeding in District Court is called an "appeal". However, it is not an appeal as that term is normally understood. The statute (47 O.S.1991 § 6–211 A) requires a trial de novo. A trial de novo is a trial of the entire case anew, both on the law and the facts. *Matter of Brady*, 611 P.2d 235 (Okl.1980). While the DPS records are admissible in evidence, and the transcript of the DPS hearing (if available) may be considered, it is not an "appeal" on the record. Both parties are authorized (and required) to present evidence in support of their case. A failure to introduce evidence at the District Court trial (including DPS records and transcripts) will result in it not being considered. The parties recognize that DPS has the burden of proof. Since this type of case is civil in nature, DPS must prove its case by a preponderance of the evidence. *Appeal of Tucker*, 538 P.2d 626 (Okl.App.1975) and *Appeal of Dungan*, 681 P.2d 750 (Okl.1984). The "any competent evidence" standard of review does not apply. It simply is a new trial.

In this case, the parties properly stipulated: (1) the DPS test of .10% was valid; and, (2) petitioner's test of .09% was valid. I say: "properly", because a rule which validates the DPS test, and does not validate petitioner's test, when both tests meet the same standard, would, on its face, constitute a violation of constitutional principles requiring equal protection and due process of law. I agree with the majority that the trial court should follow all valid rules and regulations in cases presented to it for decision.

If rule OAC 40:30–1–4 is valid, it must be applied in a manner which does not offend constitutional protections. The rule sets a standard of validity to be applied to the DPS test. That same standard of validity must be applied to petitioner's test. Both tests are entitled to the same benefits proscribed by the rule. Since the parties stipulated as they did, the evidence presented to the trial court was conflicting, and one of the ultimate material facts was disputed. It became the duty of the trial court, as the fact finder, to determine the true facts. In effect, the majority holds, and I disagree, that the DPS test must be followed, and no effect may be given to Petitioner's test. In other law cases, if the evidence is disputed and if any competent evidence supports the jury verdict or the trial court's findings, the standard of review requires this Court to affirm. As to jury verdicts, see *Mitchell v. Ford Motor Credit Co.*, 688 P.2d 42 (Okl.1984); and, for non-jury trials of law cases, see *Tax/Investments Concepts, Inc. v. McLaughlin*, 670 P.2d 981 (Okl. 1982). The "any competent evidence" standard of review applies to the court judgment being considered.

In this case, the trial court found, on competent evidence showing disputed material facts, that DPS had not sustained its burden of proof. Our duty is to affirm.

I DISSENT.