Theodore D. CARL, Appellee,

v.

STATE of Oklahoma, ex rel. DE-PARTMENT OF PUBLIC SAFETY, Appellant.

No. 86230.

Court of Appeals of Oklahoma, Division No. 1.

Dec. 5, 1995.

Earl L. Reeves, Jr., Department of Public Safety, Oklahoma City, For Appellant.

## MEMORANDUM OPINION

JOPLIN, Judge:

Appellant State of Oklahoma, ex rel. Department of Public Safety (DPS), seeks review of the trial court's order granting modification of DPS' order revoking the drivers' license of Appellee Theodore D. Carl. Herein, DPS asserts error of the trial court in failing to require Carl to comply with 47 O.S. § 754.1(B) as amended effective July 1, 1995. We hold the trial court erred as alleged, reverse the trial court's order and remand with instructions to enter an order of modification in compliance with amended § 754.1.

In February 1995, DPS issued an order revoking Carl's driver's license for a period of one year upon Carl's conviction for actual physical control of a motor vehicle while under the influence of alcohol in violation of 47 O.S.1991 § 11–902(A). Carl sought administrative review and modification of the order of revocation without success.

In May 1995, Carl then petitioned the trial court for modification of the order of revocation, alleging undue hardship. At hearing in August 1995, DPS argued that the recent amendment to 47 O.S. § 754.1, effective July 1, conditioned any modification of an order of revocation on the installation, at Carl's expense, of an ignition interlock device. Carl objected, arguing that because his conviction and DPS' order of revocation pre-dated the effective date of amended § 754.1, and because amended § 754.1 contained no lan-

guage indicative of legislative approval of retroactive application of the section, amended § 754.1 did not apply. The trial court agreed with Carl, and modified DPS' order of revocation to allow Carl to drive in very limited circumstances without requiring Carl to install the ignition interlock device. DPS now appeals on the issue of application of amended § 754.1.

■ We first observe that the matter stands submitted on DPS' brief only. Generally, where no answer brief is filed and the omission is unexcused, the appellate courts are under no duty to search the record for some theory to sustain the trial court's judgment, and on appeal, where the brief in chief is reasonably supportive of the allegations of error, will ordinarily reverse the judgment and remand for further proceedings. *See, e.g., Sneed v. Sneed,* 585 P.2d 1363 (Okla. 1978); *Harvey v. Hall,* 471 P.2d 911 (Okla. 1970). However, it is equally well-settled that reversal is not automatic for failure to file an answer brief. *See, e.g., Hamid v. Sew Original,* 645 P.2d 496 (Okla.1982). We therefore proceed to address the merits of DPS' allegation of error.

■ In that regard, we further observe that "[b]oth the issuance and revocation of driver's licenses may be statutorily regulated for the protection of the traveling public." *Price v. Reed,* 725 P.2d 1254, 1261 (Okla. 1986). A legislative limitation on modification of certain revocations constitutes a valid exercise of the police power of the state to "protect the public" and to "impress upon [licensee] the necessity of obeying the traffic rules for the safety of the public as well as that of himself." *Robertson v. State, ex rel. Lester,* 501 P.2d 1099, 1101 (Okla.1972). *See also, Mackie v. State, ex rel. Dept. of Public Safety,* 787 P.2d 874, 876 (Okla.App.1989).

So empowered, and prior to November 1, 1988, the Oklahoma legislature permitted the district courts of this State to modify an order revoking or suspending a person's driver's license based on conviction for an alcohol-related driving offense upon a showing of hardship and finding of no other adequate means of transportation. 47 O.S.1987 Supp. § 754.1(A). *See also,* 47 O.S.Supp. 1987 §§ 754, 755. Subsequent to November 1, 1988, the Oklahoma Legislature condi-

tioned such modifications "subject to the limitations of [47 O.S.Supp.1988 § 6–205.1]," and by § 6–205.1, restricted the periods of revocation which the district court might modify, flatly proscribing modification in some circumstances. 47 O.S.Supp.1988 §§ 754.1, 6–205, 6–205.1.

■ Then in this year, effective July 1, 1995, the Legislature further restricted the district courts' powers of modification, requiring installation of an ignition interlock device as a precondition to modification of an alcohol-based revocation. Laws 1995, c. 313, § 6, 47 O.S.Supp.1995 § 754.1; Laws 1995, c. 313, § 7, 47 O.S.Supp.1995 § 755. By these amendments, the Oklahoma legislature specifically limited the power of the district courts from and after the effective date of those changes to modify an alcohol-based order of revocation. Carl had no vested right to issuance of a driver's license, such issuance amounting to the grant of a privilege. *Robertson*, 501 P.2d at 1101 ("A driver's license is not a contract or a property right in the constitutional sense, [and] [t]he privilege is granted to those who are qualified, who comply with the reasonable police power requirements [of the state] in the interest of public safety and welfare, and is withheld from those who do not.") Carl thus had no statutory or constitutional right to modification of the order revoking that privilege, and we hold any rights he had to modification were controlled by the law delineating the powers of the district court to grant such modification in effect at the time the district court sought to grant that relief.

In short, we discern no retroactive application of the recent amendments to § 754, and hold the trial court erred in refusing to apply the requirements thereof in granting Carl's application for modification. The order of the trial court granting such relief is therefore REVERSED, and the cause REMANDED for entry of an order consistent with this opinion.

CARL B. JONES, P.J. and GARRETT, C.J., concur.