Jimmy D. POLK, Appellant,

v.

STATE of Okla. ex rel. DEPARTMENT OF PUBLIC SAFETY, Appellee.

No. 87430.

Court of Appeals of Oklahoma, Division No. 3.

Aug. 16, 1996.

Certiorari Denied Oct. 23, 1996.

---

Jess Horn, Oklahoma City, for Appellant.

Earl L. Reeves, Jr., Oklahoma City, for Appellee.

## MEMORANDUM OPINION

JONES, Presiding Judge:

Appellant appeals a decision by the Department of Public Safety [DPS] revoking his driving privileges following an arrest for driving under the influence of alcohol. The trial court affirmed the decision. This appeal followed.

Appellant was observed by an Oklahoma City police officer to be speeding and driving erratically, and was slow to respond when the officer turned on his emergency lights. Appellant's breath smelled of alcohol, his eyes were watery and bloodshot, his speech was slurred, and he had difficulty maintaining his balance. Appellant could not comply when the officer attempted to perform a horizontal gaze and nystagmus test on him. The officer transported Appellant to a police station, and there obtained two samples of Appellant's breath. The first sample was retained in a "toxtrap" ampoule. The officer tested the second breath sample and obtained a breath alcohol concentration of 0.16.[1]

■ Appellant's sole ground for reversal is that a test performed on the retained breath sample revealed a breath alcohol concentration of less than 0.01. The second test was performed by a forensic alcohol analyst licensed by the Board of Tests for Alcohol and Drug Influence. Appellant contends that the variance between two test results requires rejection of the result proffered by DPS as a matter of law. Appellant so argues based on a negative inference from the Board rule which states that a retained breath sample test result within .03 of the direct test result is deemed to confirm the direct test result as within an acceptable scientific tolerance, 40 Okla.Admin.Code, Rule 30–1–4(b) (1993), and on this Court's opinion in *Morgan v. State ex rel. Dept. of Public Safety*, 882 P.2d 574

(Okla.App.1993), *cert. denied.* Thus, Appellant contends that a retained breath sample test result which differs from the direct test result by more than .03 renders the direct test result untrustworthy and therefore inadmissible.

■ On appeal from the district court in license revocation matters, we consider questions of law without deference to the trial court. *Fink v. State ex rel. Dept. of Public Safety*, 852 P.2d 774, 776 (Okla.App.1992), *cert. denied.* The trial court's factual findings, however, will not be disturbed if there is any evidence in the record to support them and they are free of legal error. *See Smith v. State ex rel. Dept. of Public Safety*, 680 P.2d 365, 368 (Okla.1984); *Trenton v. State ex rel. Dept. of Public Safety*, 790 P.2d 1127, 1128 (Okla.App.1989), *cert. denied.*

Appellant misreads *Morgan.* The issue in *Morgan* was indeed a legal one, but limited to whether the trial court should have taken judicial notice of the administrative .03 variance rule. We reversed the trial court in that case because it failed to notice and apply the rule. *Morgan*, 882 P.2d at 575. Nothing in *Morgan* requires rejection of direct test evidence tendered in support of a request for license revocation merely because the licensee offers a retained breath test result which varies more than .03 from the direct test result.

The arresting officer testified that he followed the Board's approved procedures for obtaining both breath samples and for analyzing the direct breath sample. He also testified that he checked the maintenance log of the testing apparatus to assure that it had been checked within the time frame required by Board rules, and that he performed a matching reference test before obtaining breath samples from Appellant. A certified copy of the Board's breath testing procedures was admitted into evidence.[2]

Nowhere in the record did Appellant offer or make an offer to prove the testing procedure followed by the forensic alcohol analyst

---

1. By rule, results of breath alcohol tests are reported by grams of alcohol per 210 liters of breath. 40 Okla.Admin.Code, Rule 40:30–1–2(d) (1993). By statute, breath alcohol concentration is stated in hundredths, which means grams of alcohol per 210 liters of breath. 47 O.S.Supp. 1992 § 752(F).

2. Defendant's [DPS's] Exhibit No. 3.

who testified on his behalf. The analyst testified that he followed a set of procedures given to him by the director of the laboratory where he works. Those procedures are not included in the exhibits to the trial court record. We therefore have no foundation laid upon which to consider the analyst's testimony about his test on the retained breath sample. We agree with DPS that, in the absence of such foundation, any evidence of testing on the retained breath sample was inadmissible. *See Browning v. State ex rel. Dept. of Public Safety,* 812 P.2d 1372, 1375–76 (Okla.App.1991), *cert. denied* (In license revocation proceeding, state must prove that testing procedures used for alcohol breath test were the same as approved by the Board). The evidentiary requirement in *Browning* applies with equal force to evidence proffered by an individual opposing revocation of his driving privileges.

Upon review of the record, we hold that the trial court's findings are supported by the evidence and are free from legal error, and the judgment below must therefore be affirmed.

AFFIRMED.

GARRETT, J. and ADAMS, V.C.J., concur.