1998 OK CIV APP 3

**Frank A. BELL, Appellant,**

v.

**STATE of Oklahoma, ex rel., DEPARTMENT OF PUBLIC SAFETY, Appellee.**

**No. 90053.**

Court of Civil Appeals of Oklahoma, Division No. 1.

Dec. 16, 1997.

Charles L. Sifers, Oklahoma City, for Appellant.

Earl L. Reeves, Jr., Oklahoma City, for Appellee.

*OPINION*

HANSEN, Presiding Judge:

¶1 Appellant, Frank Bell (Bell), seeks review of the trial court's order denying Bell's petition for modified driving privileges. The trial court held it was without jurisdiction to modify the revocation because the revocation had been affirmed on appeal without modification, and mandate had issued in that appeal. We affirm, but based on different reasoning than that used by the trial court.

¶2 Appellee, Department of Public Safety (DPS), revoked Bell's driving privileges in

March 1994, when he was arrested for driving under the influence of alcohol and failed a breath test. Bell appealed the revocation to the district court in accordance with 47 O.S.Supp.1996 § 755 (§ 755). The parties agree Bell asked the district court to vacate the revocation, or, in the alternative, to grant him modified driving privileges. The parties further agree Bell presented no evidence in support of modified driving privileges, and that the district court sustained the revocation, expressly without modification.

¶ 3 Bell, pursuant to 47 O.S.Supp.1996 § 6–211 (§ 6–211), sought appellate review of the district court's order in appeal No. 88,-025. The issue of modification was not raised in that appeal. The Court of Appeals affirmed the district court's order and the Supreme Court denied certiorari. Mandate was spread of record on July 1, 1997. The order spreading mandate provided Bell's revocation was to begin on July 11, 1997, without modification.

¶ 4 Bell filed his trial court Petition in the matter now before us on July 8, 1997.[1] Bell requested modification of the revocation pursuant to, among other statutes, §§ 755 and 6–211, as those sections were amended effective June 13, 1997.[2] The trial court, upon learning the order spreading mandate from the previous appeal stated the revocation would be without modification, *sua sponte* ruled it had no jurisdiction to hear Bell's request for modification. The trial court's order containing that ruling is now before us for review.

■ ¶ 5 Bell contends the trial court erred, as a matter of law, in ruling it had no authority to consider Bell's request for modification. Where, as here, the issues turn on interpretation of statutes, they present questions of law, and we will examine the trial court's ruling independently, with no deference given to that ruling. *Fink v. State ex rel. Department of Public Safety*, 1992 OK CIV APP 169, 852 P.2d 774.

¶ 6 Bell contends the trial court had the authority to hear his modification request in accordance with § 755, which, as amended effective June 13, 1997, provides in relevant part:

> If the revocation or denial is sustained [by DPS], the person whose licence or permit to drive ... has been revoked or denied may file a petition for appeal in district court in the manner and subject to the proceedings provided for in Section 6–211 of this title. The district court may modify the revocation or denial when it is determined by the court that the person ... has no other adequate means of transportation. ...

¶ 7 Bell argues the trial court here was not precluded from hearing his request because the trial court in the previous action never ruled on the merits of the modification, and the issues in the previous appeal did not relate to a modification. Bell, however, also argues he has a right to have the present request for modification heard even if the modification issue were determined to have been finally decided in the previous action and appeal.

¶ 8 We find the modification issue, under the laws then pertaining, was finally decided in Bell's previous action. In that action, Bell petitioned the trial court to vacate the revocation, or, in the alternative, to modify the revocation. The trial court was authorized to take either action, upon proper findings, pursuant to § 755. Bell does not assert that he amended that petition, or that he asked the trial court in any other fashion not to rule on the modification request.

■ ¶ 9 As the proponent, Bell had the burden to establish his right to modification. He concedes he put on no evidence to support his modification request. Additionally, after the trial court had ruled the revocation would be affirmed without modification, Bell filed his appeal without requesting appellate relief on that issue. The trial court's judgment was affirmed on appeal. Mandate was spread upon the record in an order expressly including the determination that the revocation would be without modification. The pre-

---

1. Revocation of Bell's driving privileges was again stayed by the trial court after he filed a surety appeal bond.

2. Laws 1997, c. 420, § 7 and § 3, respectively.

vious action was final after mandate, including the holding that no modification would be allowed under the controlling law.

¶ 10 We further find, however, *because of changes in the law pertaining to modification*, the district court *ordinarily* would have been allowed to hear Bell's present request for modification. Nevertheless, *under the specific facts here*, the trial court was correct in refusing to hear that request.

¶ 11 As has been noted, Bell's present request for modification is submitted under the authority of § 755, as amended in 1997. The previous request was also made under the same section, but before amendment. The 1997 amendments materially changed the section to the extent the present action presents determinative issues very much different than under the pre-amendment § 755. Accordingly, a second request for modification is not barred as a matter of either claim or issue preclusion. See, *Brumark Corp. v. Corporation Commission of Oklahoma*, 1996 OK CIV APP 89, 924 P.2d 296.

¶ 12 Pre-amendment § 755 allowed the district court to modify a revocation "in cases of extreme and unusual hardship when it is determined by the court that the person whose license ... has been revoked ... has no other adequate means of transportation". After the initial threshold findings, driving privileges could be allowed only for pre-scribed purposes. Amended § 755 allows the court to modify a revocation upon the single finding the revokee merely "has no other means of transportation", subject to certain mandatory revocation periods and the requirement of an ignition interlock device as provided in 47 O.S.Supp.1997 § 754.1. Deletion of the "extreme and unusual hardship" element by the amendment provides a substantially different test for the district court and constitutes a new and different cause of action.

■ ¶ 13 The amendment to § 6–211, which controls procedure for modification requests to the courts, was in effect at the time Bell filed his present petition for modification. His rights relating to modification are controlled by the law in effect at the time the district court was asked to hear his petition. *Carl v. Department of Public Safety*, 1995 OK CIV APP 147, 909 P.2d 1196. Generally, those rights would have allowed the trial court to hear Bell's petition *for modification* filed in accordance with the new law. However, Bell failed to complete one additional statutory requisite for such hearing.

■ ¶ 14 Bell's July 8, 1997, petition for modification was a *new* petition to be decided under the amended statutory standards. Section 6–211, as amended, authorizes the district court to modify "[i]n the event [DPS] declines to modify a revocation order". The clear Legislative mandate in § 6–211 is that the district court may act only after DPS has the opportunity to determine if modification is appropriate. Bell did not afford DPS the opportunity to make such determination under the new and liberalized law. The trial court was thus precluded from hearing Bell's petition. The result of the trial court's order declining to hear the petition was thus correct. A legally correct judgment will not be reversed because of the trial court's faulty reasoning. *Brashier v. Farmers Ins. Co., Inc.*, 1996 OK 86, 925 P.2d 20.

The trial court's judgment is AFFIRMED.

JOPLIN, J., concurs.

BUETTNER, J., specially concurring with separate opinion.

BUETTNER, Judge, specially concurring:

¶ 1 I agree that the trial court's order denying appellant's request for modification of revocation of driving privileges should be sustained. However, I agree with the trial court that the denial should be based on lack of jurisdiction.

¶ 2 A trial court's authority to modify revocation of driving privileges is found in 47 O.S.1991 § 755. However, § 755 establishes the procedure to appeal a revocation decision of the Department of Public Safety (DPS). Thus, the district court has no original jurisdiction to consider a petition to modify a revocation. The majority recognizes this limitation by holding that the appellant must first seek relief from DPS.

¶ 3 However, the majority holds, erroneously, that because there has been a change of standard in whether to grant a modification of revocation, a person with a final judgment denying modification under the old standard may petition DPS for modification under the new (more lenient) standard.

¶ 4 This holding ignores the provisions of 47 O.S.1991 § 754.1 that DPS consideration of a modification of revocation is "prior to an administrative hearing for a revocation or denial arising under the provisions of Sections 751 through 754 of this title." The statutory procedure is for DPS to consider the issue of modification when it initially considers the revocation. There is no provision in § 754.1 for multiple, sequential requests for modification. Thus, the district court lacked jurisdiction to consider appellant's petition for modification because the denial of appellant's original request was final.