2005 OK CIV APP 20
**Jay Warren JOHNSON, Appellee,**

v.

**STATE of Oklahoma, ex rel. OKLAHOMA DEPARTMENT OF PUBLIC SAFETY, Appellant.**

**No. 100,732.**

Court of Civil Appeals of Oklahoma, Division No. 4.

Feb. 15, 2005.

Laurie E. Hays, Arnett, for Appellee.

Kevin L. McClure, Associate General Counsel Oklahoma Department of Public Safety, Oklahoma City, for Appellant.

Opinion on Rehearing by Jerry L. GOODMAN, Judge.

¶ 1 State of Oklahoma, ex rel. Department of Public Safety (DPS) appeals the trial court's April 30, 2004, order which declared 47 O.S. Supp.2003, § 6–205.1(A)(3) unconstitutional and which modified a revoked driver's license. Based on our review of the facts and applicable law, we reverse.[1]

## FACTS

¶ 2 The facts are undisputed. Jay Warren Johnson (Driver) had his driver's license revoked for a three-year period beginning January 3, 2002, for incurring three license revocations within a five-year period following convictions for driving under the influence of alcohol. His license had previously been revoked in 1999, 2000, and 2001. At the time his three-year period of revocation began, the following statute, 47 O.S.2001, § 6–205.1(A)(3), was in effect.

A revocation ... shall be for a period of three (3) years if within five (5) years preceding the date of arrest relating thereto, two or more prior revocations commenced ... as shown by the Department's records. *Such period may be modified after one (1) year.* (Emphasis added.)[2]

¶ 3 At the end of his second year of revocation, this statute was amended, effective November 1, 2003. *See* Laws, 2003 Ch. 108, § 2, and 47 O.S. Supp.2003, § 6–205.1(A)(3). That section now reads:

A revocation ... shall be for a period of three (3) years if within five (5) years preceding the date of arrest relating thereto, two or more prior revocations commenced ... as shown by the Department's records. *Such period shall not be modified.* (Emphasis added.)

¶ 4 Essentially, the legislature amended the statute to prohibit any modification of a revoked driver's license during the revocation period. This presumably would prohibit any modification of a suspended or revoked license to permit a driver to go to and from work.

¶ 5 Driver completed his incarceration, paid all fines, and attended all the classes which were required of him for his DUI convictions. Driver obtained employment working on a farm. Driver sought to have his revoked license modified to permit him to drive to and from work. Driver filed a petition February 3, 2004, seeking modification. Driver's petition was filed after the effective date of the amendment above.

¶ 6 At the modification hearing, DPS contested Driver's request for modification, cit-

---

1. This court issued an unpublished opinion in this appeal on October 5, 2004. DPS filed a "Motion to Correct Opinion and Publish" on October 27, 2004. Pursuant to our order, Appellant filed his response on November 23, 2004. There is no statutory provision for a "Motion to Correct Opinion" nor is such permitted in the rules of practice before this court. We therefore treat DPS's motion as the functional equivalent of a petition for rehearing and the Appellant's response as the functional equivalent of a response to the petition for rehearing. We grant DPS's petition for rehearing, withdraw our original opinion filed October 5, 2004, and substitute this opinion in its stead.

2. Section 6–205.1(A)(2), which immediately precedes the section under review, and which requires a one-year revocation if one additional license suspension occurs, was amended by Laws, 2002 Ch. 86 § 4, effective April 17, 2002, and was codified as 47 O.S. Supp.2002, § 6–205.1(A)(2). The amendment stated that such period of revocation shall not be modified. This amendment did not change (A)(3)'s language permitting modification of a revocation after one year had elapsed.

ing the 2003 amendment of 47 O.S. Supp. 2003, § 6–205.1(A)(3), the statute in effect at the time Driver sought modification. Driver sought a hearing, at which he argued the 2003 amendment was an unconstitutional usurpation of legislative power over the judicial branch, because the amendment effectively denied a district court the authority to modify a revoked license. In the alternative, Driver argued since his license was revoked under the 2001 law, he is eligible for modification under that statute, and the 2003 amendment does not apply to him.

¶ 7 DPS argued that the amendment was not unconstitutional, but rather reflected the public policy of this state to insure the safety of its citizens by keeping recidivist impaired drivers off public roads for a fixed period of time. Further, DPS argued the 2003 amendment did apply because that was the statute in effect at the time Driver sought modification.

¶ 8 The trial court, after reviewing the briefs of the parties, ruled the 2003 amendment was unconstitutional. The court ordered DPS to issue a modification of Driver's license. DPS appeals.

## ISSUE

¶ 9 The legal issue tendered for our review is the constitutionality of 47 O.S. Supp. 2003, § 6–205.1(A)(3), when applied to the facts in this case. It is undisputed Driver's license was revoked for three years pursuant to 47 O.S.2001, § 6–205.1(A)(3), which permitted a district court to modify that revocation after one year. Not until November 1, 2003, after Driver was almost 22 months into his period of revocation, did the Legislature amend the statute under which Driver's license was revoked to prohibit any district court modifications of the suspended license for the duration of the revocation period. Under the 2001 statute, Driver was eligible to seek modification of his license revocation beginning in January 2003, more than 10 months before the statute was amended.

■ ¶ 10 The first question presented is: which statute is applicable to Driver? We hold that issue was addressed and answered in *Carl v. State ex rel. Department of Public*

*Safety,* 1995 OK CIV APP 147, 909 P.2d 1196, and *Bell v. State of Oklahoma, ex rel. Department of Public Safety,* 1998 OK CIV APP 3, 952 P.2d 55. In *Carl,* this court held in relevant part:

> the Legislature further restricted the district courts' powers of modification, requiring installation of an ignition interlock device as a precondition to modification of an alcohol-based revocation.... By these amendments, the Oklahoma legislature specifically limited the power of the district courts from and after the effective date of those changes to modify an alcohol-based order of revocation. Carl had no vested right to issuance of a driver's license, such issuance amounting to the grant of a privilege.... Carl thus had no statutory or constitutional right to modification of the order revoking that privilege, and *we hold any rights he had to modification were controlled by the law delineating the powers of the district court to grant such modification in effect at the time the district court sought to grant that relief.* (Emphasis added.)

*Carl v. State ex rel. Department of Public Safety,* 1995 OK CIV APP 147, ¶ 7, 909 P.2d 1196, 1198.

¶ 11 Thus, the 2003 amendment, with its unmodifiable three-year revocation, was the statute in effect at the time Driver sought to obtain a modification, and that is the statute applicable in this case.

■ ¶ 12 Next, the question becomes: is the 2003 amendment an unconstitutional usurpation of judicial authority by the legislature? We answer in the negative.

¶ 13 In *Williams v. State of Oklahoma ex rel. Department of Public Safety,* 1990 OK CIV APP 27, 791 P.2d 120, the licensee's license was suspended for one year, with no statutory modification permitted. The licensee sought a modification on the grounds of hardship. The trial court held the statute was unconstitutional because it did not permit a district court to modify the suspension. This court held that the licensee's:

> primary thesis is that once the legality of the underlying revocation is established, due process requires that the trial court be

369

given jurisdiction to modify the revocation on the ground of extreme and unusual hardship. At the same time, Williams concedes that the "State of Oklahoma does have the right to regulate traffic over the highways and may impose reasonable restrictions and regulations over the use of the highways." Nevertheless, he says "due process must be followed." In other words, as we understand it, Williams' complaint concerns substantive rather than procedural due process.

. . . .

In enacting § 6–205.1(a)(3) and (c) (effective November 1, 1988), the legislature addressed an important state interest—the protection of its citizens from the threatened dangers of drunk drivers operating motor vehicles on public roads. One means of trying to do so was the enactment of subject statutes requiring that the driver's licenses of certain repeat offenders of the implied consent statutes be revoked for the prescribed periods and that "neither the Department nor any court shall grant a license or permit to drive a motor vehicle based upon hardship or otherwise for the duration of such period." § 6–205.1(c). *We cannot say that the statutory enactment of that policy is arbitrary, unreasonable or capricious considering the gravity of the perils inherent in the use of a public way by a mentally impaired licensee. Protection of the public from the potentially harmful consequences of driving under the influence of intoxicants is a legitimate and important state interest.*

*Requiring an unmodifiable revocation after a second offense is not an unreasonable or arbitrary means of promoting such protection.* (Emphasis added.)

*Williams v. State of Oklahoma ex rel. Department of Public Safety,* 1990 OK CIV APP 27, ¶¶ 13, 16, 791 P.2d 120, 123–4.

¶ 14  To summarize, Driver has no constitutionally protected right to a driver's license.[3]  It is a conditional privilege subject to suspension. Further, the Legislature's choice to revoke a license—and the duration of that revocation—as a means to impress upon a licensee the necessity to obey traffic laws is a rational and reasonable remedy to promote the public policy of highway safety, and therefore constitutional. For these reasons, we hold a district court is compelled to follow the legislative mandate reflected in the statutes in effect at the time modification is sought.

¶ 15  The trial court's order which declared 47 O.S. Supp.2003, § 6–205.1(A)(3), to be unconstitutional and which modified Driver's license is reversed.

¶ 16  REVERSED.

TAYLOR, P.J., and STUBBLEFIELD, J., concur.

---

3.  *Robertson v. State ex rel. Lester,* 1972 OK 126, ¶ 9, 501 P.2d 1099, 1101 states:

    The operation of a motor vehicle on a public highway is not a natural, absolute right, but a conditional privilege which may be granted, suspended, or revoked under the police power of the state. A driver's license is not a contract or a property right in the constitutional sense, and therefore its revocation does not constitute the taking of property. The privilege is granted to those who are qualified, who comply with reasonable police power requirements in the interest of public safety and welfare, and is withheld from those who do not.