2006 OK CIV APP 41

James D. MUSTAIN, Plaintiff/Appellant,

v.

STATE of Oklahoma, ex rel., DEPT. OF PUBLIC SAFETY, Defendant/Appellee.

No. 102,123.

Court of Civil Appeals of Oklahoma, Division No. 1.

Jan. 20, 2006.

Rehearing Denied March 3, 2006.

Mike O'Brien, Stephen G. Fabian, Jr., Oklahoma City, OK, for Plaintiff/Appellant.

J. Robert Blackburn, Oklahoma City, OK, for Defendant/Appellee.

Opinion by ROBERT DICK BELL, Presiding Judge.

¶1 Plaintiff/Appellant, James D. Mustain, appeals from the district court's order sustaining the revocation of his driver's license by Defendant/Appellee, Oklahoma Department of Public Safety (DPS). For the reasons set forth below, we affirm the trial court's judgment.

¶2 On January 31, 2005, Plaintiff was arrested by a Bartlesville police office for driving under the influence of alcohol and consented to take a breath test. Plaintiff's license was seized after the breath test indicated a blood alcohol level in excess of the legal limit. DPS sustained the revocation and Plaintiff appealed to the district court. After hearing evidence from the arresting officer, the officer who administered the breath test and the state trooper who maintained the testing equipment, the trial court upheld the revocation. The trial court overruled Plaintiff's motion for new trial. From the trial court's judgment, Plaintiff appeals.

¶3 As his first assignment of error, Plaintiff contends the trial court erred in ruling his breath test was given in accordance with the rules and regulations of the Board of Tests for Alcohol and Drug Influence (Board). Specifically, Plaintiff asserts DPS failed to prove (1) the testing officer administered the test properly, (2) an approved mouthpiece was used, and (3) the intoxilyzer was properly maintained. In an appeal from a driver's license revocation, this Court will not disturb the factual findings of the trial court "if there is any evidence in the record to support them and they are free of legal error." *Polk v. State ex rel. Dept. of Pub. Safety*, 1996 OK CIV APP 100, ¶4, 927 P.2d 55, 56. *Accord Smith v. State ex rel. Dept. of Pub. Safety*, 1984 OK 16, ¶7, 680 P.2d 365, 368.

¶4 Plaintiff initially argues the testing officer did not describe how he followed the testing regulations and gave only conclusory statements that he followed proper procedures. The record reveals otherwise. The officer testified that he followed the required procedure for administering a test and he explained the steps he took in following that procedure. As for the officer's inability to recall the exact number of "purge analyses" the intoxilyzer ran on the night of the test, we note the officer testified the intoxilyzer runs such tests on its own; performing a purge is not part of the officer's procedure.

¶5 Regarding Plaintiff's second assertion, the testing officer specifically identified, based on his training and experience, the mouthpiece he used in conducting the test. Furthermore, the officer stated the mouthpiece he used was one of the two types of mouthpieces used in Oklahoma. This evidence was sufficient for the trial court to conclude the mouthpiece was approved by Board rules.

¶6 Similarly, we find sufficient evidence from which the trial court could properly find the intoxilyzer was properly maintained. The essence of Plaintiff's argument in this respect is that the officer charged with maintaining the equipment used to test Plaintiff stated he ran only one verification test, although the training manual used by the trooper states that three verification tests must be performed. Plaintiff correctly asserts the rules and regulations of the Board must be followed before a test is considered valid or admissible. *See* 47 O.S.2001 § 752(H). The Board rules regarding maintaining an intoxilyzer require "one (1) or more verification analyses" be performed. Oklahoma Administrative Code (OAC) 40:30–

1–3(e)(2). On the basis of the foregoing, we conclude the record supports the factual findings of the trial court and that such findings are free of legal error.

¶7 As his final assignment of error, Plaintiff alleges the trial court's findings of fact are insufficient. We reject this complaint on two grounds. First, Plaintiff's allegations are not supported by citation to relevant authority. *See McLaughlin v. McLaughlin,* 1999 OK 34, ¶2, 979 P.2d 257, 259 n. 1 ("Claims to error for which there is no support in argument and authority are deemed abandoned"). Second, Plaintiff did not attack the content of the trial court's order in his motion for new trial. Therefore, we will not address his allegation here. 12 O.S.2001 § 991(b); Rule 1.22(c)(1), *Oklahoma Supreme Court Rules,* 12 O.S.2001, Ch. 15, App. *See* also *Stonecipher v. District Court of Pittsburg County,* 1998 OK 122, ¶11, 970 P.2d 182, 186 ("Matters not first presented to the trial court for resolution are generally not considered on appeal").

¶8 The motion to dismiss filed by DPS during the pendency of this appeal is overruled. The judgment of the trial court is affirmed.

¶9 AFFIRMED.

HANSEN, J. and JOPLIN, J., concur.