241 P.3d 1164 (2010)
2010 OK CIV APP 122
Rex Everett GILWORTH, Sr., Plaintiff/Appellant,
v.
STATE of Oklahoma ex rel., DEPARTMENT OF PUBLIC SAFETY, Defendant/Appellee.
No. 107,871. Released for Publication by Order of the Court of Civil Appeals of Oklahoma, Division No. 3.
Court of Civil Appeals of Oklahoma, Division No. 3.
September 29, 2010.
*1165 Aaron T. Corbett, Oklahoma City, OK, for Plaintiff/Appellant.
Douglas R. Young, John K. Lindsey, Oklahoma City, OK, for Defendant/Appellee.
ROBERT DICK BELL, Vice-Chief Judge.
¶ 1 Plaintiff/Appellant, Rex Everett Gilworth, Sr., appeals from the district court's order denying his request to modify the one-year revocation of his driver's license. Defendant/Appellee, Oklahoma Department of Public Safety (DPS), revoked Gilworth's driver's license because he had a prior conviction within ten years of the arrest giving rise to the most recent conviction for driving under the influence of alcohol (DUI). For the reasons set forth below, we affirm.
*1166 ¶ 2 Gilworth is an eighty-three year old driver who lives alone in Oklahoma City. On July 26, 2008, Gilworth was arrested by an Oklahoma City police office for DUI. Gilworth entered a guilty plea on July 17, 2009. Because Gilworth had a prior revocation within ten years of the arrest giving rise to the DUI conviction, DPS revoked Gilworth's driving privileges for one year pursuant to 47 O.S. Supp.2007 § 6-205.1(A)(2). Gilworth sought modification of the revocation from the district court.
¶ 3 The modification hearing was held November 10 and 19, 2009. We note Gilworth's attorney requested that the court reset the modification hearing for a date in November, 2009. The rescheduling of the hearing date appears to be a maneuver to take advantage of a recent amendment to § 6-205.1. Prior to November 1, 2009, the district court had no power to modify the one-year license revocation under 47 O.S. Supp.2007 § 6-205.1(A)(2). Section 6-205.1(A)(2) was amended by Laws 2009, c. 388, § 3, effective November 1, 2009. By this amendment, the Oklahoma Legislature specifically allowed the district court to modify a one-year order of revocation. Because the hearing took place after the effective date of the amendment, all parties proceeded under the amended language. "[W]e hold any rights [Gilworth] had to modification were controlled by the law delineating the powers of the district court to grant such modification in effect at the time the district court sought to grant that relief." Carl v. State, ex rel. Dept. of Public Safety, 1995 OK CIV APP 147, ¶ 7, 909 P.2d 1196, 1198.
¶ 4 After hearing evidence, the court denied Gilworth's motion to modify the revocation. Gilworth appeals. In an appeal from a driver's license revocation, this Court will not disturb the factual findings of the district court "if there is any evidence in the record to support them and they are free of legal error." Polk v. State ex rel. Dept. of Pub. Safety, 1996 OK CIV APP 100, ¶ 4, 927 P.2d 55, 56. Accord Smith v. State ex rel. Dept. of Pub. Safety, 1984 OK 16, ¶ 7, 680 P.2d 365, 368.
¶ 5 The district court may modify a revocation when it determines the person whose driver's license has been revoked has no other adequate means of transportation and it may enter an order directing DPS to allow driving, subject to the limitations of § 6-205.1, and the installation of an ignition interlock device. See 47 O.S. Supp.2005 §§ 754.1 and 755. Gilworth argues the district court erred, as a matter of law, when it denied his modification request because he met his burden of proving he had no adequate means of transportation. According to Gilworth, § 755's language indicates the Legislature's intent to mandate the granting of a modification upon such a showing by an affected driver.
¶ 6 We disagree with Gilworth's interpretation of § 755. Gilworth has no vested right to the issuance of a driver's license; the issuance of a driver's license amounts to the grant of a privilege. Carl, 1995 OK CIV APP 147 at ¶ 7, 909 P.2d at 1198. Furthermore, the Legislature's use of the term "may" in § 755 has a well-established discretionary or permissive connotation. See Shea v. Shea, 1975 OK 90, ¶ 10, 537 P.2d 417, 418. Thus, even if Gilworth demonstrates he has no other means of transportation, the district court still has the discretion to deny his request for modification of the order revoking his driving privileges.
¶ 7 We next consider whether the district court abused its discretion when it denied Gilworth's request to modify the revocation of his driver's license. Gilworth submits the district court abused its discretion because he demonstrated his need for a driver's license to secure transportation to his part-time job at Wheeler Chevrolet in Hinton, Oklahoma. He established there are no public buses or other forms of public transportation from Oklahoma City to Hinton. He also testified his job duties included driving his employer's vehicles to other locations. Gilworth stated he needed to maintain this job to supplement his monthly social security income of $776.00.
¶ 8 Even though Gilworth may have established that he has "no other adequate means of transportation" to his employment, we find the district court did not abuse its discretion when it denied the modification. Gilworth's need for a driver's license is trumped by his *1167 extensive history of traffic violations. Since 1976, Gilworth's driving record indicated eight alcohol violations, seventeen suspensions or revocations of driving privileges, five accidents, twenty-six speeding violations, eight failures to appear for court, two prior modifications and two letters in lieu of license  both of which were violated by Gilworth, and numerous failures to have a driver's license in his possession. In addition, of the eight alcohol violations resulting in eight revocations of his driving privilege, three were based on DUI convictions, one revocation was based on testing .10 or more, and four were based on his refusal to submit to the State of Oklahoma's test for alcohol. Based on this driving record, we cannot find the district court abused its discretion in denying Gilworth's requested relief.
¶ 9 Gilworth next argues the court erred by considering more than ten years of his driving record. He claims the district court's review was limited by 47 O.S. Supp. 2009 § 6-205.1 to a maximum ten year look back period. Gilworth's argument lacks merit. Section 6-205.1 prescribes periods of revocation which are dependent on a motorist's ten year history of prior revocations and convictions. This section instructs DPS on how to calculate the proper period or length of revocation. This section does not limit DPS or the district court's consideration of a motorist's driving record to that ten year period, for purposes of exercising its discretion to modify the revocation.
¶ 10 Because he has an interlock device on his vehicle, Gilworth next submits the district court's decision disregarded the public policy to reduce drunk driving by implementing the monitoring of such drivers with an interlock device. Title 47 O.S. Supp.2009 § 754.1 requires that an approved ignition interlock device be placed, at the person's own expense, upon every motor vehicle operated by that person as a prerequisite and condition to the district court's powers of modification. Contrary to Gilworth's contention, this section does not mandate the district court to grant a modification when an interlock device is installed.
¶ 11 On the basis of the foregoing, we conclude the district court did not abuse its discretion when it denied Gilworth's request to modify the revocation of his driver's license. The judgment of the district court is affirmed.
¶ 12 AFFIRMED.
JOPLIN, P.J., and MITCHELL, J., concur.