OSCN Found Document:WHITE v. STATE OF OKLAHOMA ex rel SERVICE OKLAHOMA

 

 
 

 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 

 
 WHITE v. STATE OF OKLAHOMA ex rel SERVICE OKLAHOMA
2025 OK CIV APP 20
Case Number: 122149
Decided: 01/17/2025
Mandate Issued: 06/26/2025
THE COURT OF CIVIL APPEALS OF THE STATE OF OKLAHOMA, DIVISION III
Cite as: 2025 OK CIV APP 20, __ P.3d __

 

RANDY WHITE, Plaintiff/Appellant
vs.
STATE OF OKLAHOMA, ex rel., SERVICE OKLAHOMA, Defendant/Appellee

APPEAL FROM THE DISTRICT COURT OF
TULSA COUNTY, OKLAHOMA

HONORABLE SHANNON TAYLOR, JUDGE

REVERSED AND REMANDED

Sabah Khalaf, THE KHALAF LAW FIRM, PLLC, Tulsa, Oklahoma, For Plaintiff/Appellant

Candice L. Milard, Charles Thompson, Oklahoma City, Oklahoma, For Defendant/Appellee

Bay Mitchell, Judge:

¶1 Plaintiff/Appellant Randy White (White) appeals from the trial court's order finding, as a matter of fact, that Defendant/Appellee Service Oklahoma (SOK) had not revoked White's driver's license frivolously or without a reasonable basis. We disagree with the trial court. Although SOK has a duty, as the trial court noted, to revoke a driver's license upon receipt of (1) a written test report reflecting that the quantity of alcohol in the blood or breath of the arrested person exceeded legal limits and (2) a sworn report from a law enforcement officer stating that the officer had reasonable grounds to believe the arrested person had been operating or was in actual physical control of a motor vehicle while under the influence of alcohol, SOK also has a duty to notify the arrested person promptly and accurately that his or her driving privilege will be or has been revoked. In this case, White's license was revoked before he was provided notice of the revocation. Under these circumstances, the record supports a finding that SOK revoked White's license frivolously or without a reasonable basis. Accordingly, we reverse and remand.

¶2 On December 17, 2022, White was stopped and arrested for suspicion of driving under the influence by the Jenks Police Department. White consented to a blood test. The officer provided White with a "Notice of Revocation" (Officer's Notice). The Officer's Notice stated that SOK must revoke or deny the license of a driver stopped for suspicion of driving under the influence when (1) the driver refuses to take a blood or breath test; (2) test results show the driver, if under twenty-one years of age, had an alcohol concentration of 0.02g/210L or more; or (3) test results show the driver, if twenty-one years of age or older, had an alcohol concentration of 0.08g/210L or more.

¶3 The Officer's Notice provided that, if the test results indicated the driver's alcohol concentration exceeded the legal limit, "you will receive a notice . . . informing you of the commencement date of the revocation." The Officer's Notice also noted that a driver's period of revocation will be longer if the driver's record shows one or more revocations within the last ten years. It stated:

Accordingly, notice is given that your driver's license is revoked or denied for a period of:

1. One hundred eighty (180) days, if you refused or failed the state's test, OR;

2. One (1) to three (3) years if you have one or more prior revocations stemming from the uses of intoxicants, test failures, or refusals to test.

Finally, it noted, "Since the length of time of the driver's license revocation/disqualification period is extended by the existence of a prior record on file (if any), [SOK] will automatically check your record and confirm the length of revocation/disqualification to you by mail at your last known address on file."

¶4 White heard nothing from SOK for over a year. On January 3, 2024, SOK mailed White a Notice and Order of Revocation (SOK's Notice and Order). SOK's Notice and Order, although mailed in January of 2024, was dated June 23, 2023 and stated, "Effective 08/02/2023 the Oklahoma driving privileges of the above-named person are hereby revoked for a period of no less than 180 days."

¶5 White filed an appeal in the district court pursuant to 47 O.S. §6-21147 O.S. §753shall revoke the license of an arrested person upon the receipt of a sworn report of the law enforcement officer that the officer had reasonable grounds to believe the arrested person had been driving or was in actual physical control of a motor vehicle upon the public roads, highways, streets, turnpikes, or other public places while under the influence of alcohol or any other intoxicating substance, or that the person had refused to submit to the test or tests. The court noted that SOK received the sworn report within 180 days from the Jenks police officer who stopped and arrested White, triggering SOK's duty to revoke. Accordingly, the court reasoned, the lack of notice did not constitute an unreasonable or frivolous revocation. The trial court also denied White's subsequent motion to reconsider the issue.

¶6 In an appeal from a driver's license revocation, this Court will not disturb the factual findings of the trial court "if there is any evidence in the record to support them and they are free of legal error." Polk v. State ex rel. Dep't. of Pub. Safety, 1996 OK CIV APP 100927 P.2d 55 McMillian v. Holcomb, 1995 OK 117907 P.2d 103412 O.S. 2021 §65112 O.S. 2021 §1031.1Id. Absent some pure error of law, we will not disturb a trial court's ruling on a post-trial motion unless it is arbitrary, clearly against the evidence, or manifestly unreasonable, and thus an abuse of discretion. Robinson v. Oklahoma Nephrology Assocs., Inc., 2007 OK 2154 P.3d 1250.

¶7 White alleges the trial court failed to consider 47 O.S. §§753all parts of the statutes must be complied with before SOK may revoke a license, and he claims SOK's failure to provide him with notice before revocation is a failure to comply with the statutes. He also contends SOK's failure to provide notice before revoking his license deprived him of his due process rights to notice and an opportunity to present a defense. He alleges, in conclusion, that the court should have found SOK's actions to be frivolous or unreasonable.

¶8 SOK, on the other hand, argues it complied with all of its statutory duties. It claims there could be no due process violation because entitlement to a driver's license is a privilege, not a right, and it contends the notice given by the Jenks police officer at the time of arrest was sufficient. SOK reiterates that, pursuant to §§753 and 754, SOK "shall revoke or deny the driving privilege of the arrested person" upon receipt of an officer's sworn affidavit (plus the written results of the breath or blood test, if the driver consented to be tested). See id. Therefore, according to SOK, the revocation cannot be considered frivolous or without reasonable basis because SOK was required to revoke upon its receipt of the timely-submitted report and blood test results.

¶9 We do not agree that White's due process rights were violated by SOK's delayed notice. Prior to 2019, a person whose driving privileges were revoked or denied had the right to request an administrative hearing before the Commissioner of Public Safety, with the option to subsequently appeal the Commissioner's findings to the district court. See 47 O.S. 2011 §754See 47 O.S. Supp. 2019 §§754subject to revocation" under §§753 or 754 are also authorized to file an appeal. Id., §6-211 (A)-(D) (emphasis added). Upon its receipt of a petition challenging a revocation or potential revocation, SOK must "withhold taking the action . . . or stay the order which is the subject of the appeal" and "shall grant or restore driving privileges to the person if the person is otherwise eligible." 47 O.S. Supp. 2022 §6-211

¶10 The Officer's Notice informed White that he had the right to appeal by filing a petition in the district court of the county in which he was arrested. White, accordingly, had notice of his opportunity to be heard before SOK revoked his driving privileges. Further, a person can file an appeal petition up to "thirty (30) days after the notice of revocation . . . has been served upon the person by [SOK]." Id., §6-211(E). White was therefore still able to challenge the revocation and, ultimately, to receive relief. We find no due process violation here.

¶11 We agree with White, however, that SOK's failure to notify White of the revocation resulted in a revocation that was frivolous or without reasonable basis. Notice by SOK must be given either by personal delivery or by deposit in the United States mail in an envelope with first class postage prepaid and addressed to the person at the address reflected in DPS records. 47 O.S. Supp. 2022 §2-116Id. The revocation period "shall become effective thirty (30) days after the arrested person is given written notice thereof by the officer as provided in this section or by [SOK]." See 47 O.S. Supp. 2022 §754

¶12 SOK received White's test results and the arresting officer's report on June 1, 2023. It issued its Notice and Order of Revocation on June 23, 2023. If SOK had mailed its Notice and Order on that day, the revocation commencement date reflected therein would have been accurate (June 23 + 10 days after deposit in the U.S. Mail for notice to be complete + thirty days after written notice for revocation to be effective = August 2, 2023). However, SOK's Notice and Order was not deposited in the mail until January 3, 2024. Based on that date, the revocation period should have been effective February 12, 2024. But according to the motor vehicle report purchased by White's attorney, White's license was indeed revoked beginning August 2, 2023.

¶13 We do not construe the Officer's Notice as a notice of revocation that triggered White's period of revocation. The Officer's Notice provided that White would receive a notice informing him of the commencement date of the revocation if the test results indicated his alcohol concentration exceeded the legal limit. And if we did consider the Officer's Notice a notice of revocation, White's period of revocation should have been effective January 16, 2023. In either case, the period during which White's driving privileges were actually revoked failed to comply with Title 47.

¶14 As SOK notes, §754 provides that SOK "shall revoke" when it receives an officer's report and test results within 180 days. However, it is also SOK's duty to promptly notify an arrested person that his driving privileges are going to be revoked and to accurately inform him of his period of revocation. SOK's failure to do so here meant White continued to drive with a license that was, unbeknownst to him, under revocation. And, because a person's revocation period is triggered by the notice of revocation, SOK's failure to notify White prior to the revocation taking place resulted in a revocation that failed to conform with statutory time provisions. Under these circumstances, the record supports a finding that SOK revoked White's license without a reasonable basis. 

¶15 REVERSED AND REMANDED.

BELL, C.J., concurs and DOWNING, P.J., dissents.

FOOTNOTES

12 O.S. 2021 §941See id.

not hold that White is entitled to costs or fees. White did not file a motion for attorney fees pursuant to 12 O.S. 2021 §941factual finding that SOK's revocation was frivolous or without reasonable basis, and trial court found the revocation was not frivolous or unreasonable. We reverse the court's factual finding because its reasoning is not free from legal error.

 
 
 
 
 
 
 
 
 
 The Oklahoma Supreme Court
 2100 N. Lincoln Blvd., Suite 1
 Oklahoma City, OK 73105